COLUMBIA PICTURES TELEVISION,
Plaintiff–Appellee,

v.

KRYPTON BROADCASTING OF BIR-
MINGHAM, INC.; WABM Birmingham;
Krypton Broadcasting, Inc.; Krypton In-
ternational Corporation; WTWV, Inc.;
WTVX; Daniel S. Dayton; Alfred F. De-
cuir, Defendants,

and

C. Elvin Feltner, Jr., Defendant–
Appellant.

Nos. 94–55816, 94–55894.

United States Court of Appeals,
Ninth Circuit.

Aug. 20, 1998.

Before: FARRIS, BRUNETTI, and
KOZINSKI, Circuit Judges.

On February 6, 1997, we affirmed the dis-
trict court's grant of summary judgment in
favor of Columbia Pictures Television (Co-
lumbia) with respect to C. Elvin Feltner,
Jr.'s (Feltner) liability for copyright infringe-
ment. *See Columbia Pictures Television v.
Krypton Broadcasting of Birmingham, Inc.*,
106 F.3d 284 (9th Cir.1997). We also af-
firmed the district court's award of statutory
damages after a bench trial, holding that
neither § 504(c) of the Copyright Act, 17
U.S.C. § 504(c), nor the Seventh Amend-
ment, provides a right to a jury trial on
statutory damages. *Id.* at 292–93.

On September 29, 1997, the Supreme
Court granted Feltner's petition for writ of
certiorari on the question of whether he was
entitled to a jury trial on the issue of statuto-
ry damages. *See Feltner v. Columbia Pic-
tures Television, Inc.*, —— U.S. ——, 118
S.Ct. 30, 138 L.Ed.2d 1059 (1997). And, on
March 31, 1998, the Supreme Court reversed
and remanded, ruling that, while § 504(c) is
silent on this point, the Seventh Amendment
provides a right to a jury trial to determine
the amount of statutory damages. *Feltner v.
Columbia Pictures Television, Inc.*, —— U.S.
——, ——, 118 S.Ct. 1279, 1282, 140 L.Ed.2d
438 (1998).

On remand to this court, Feltner has filed
a petition for attorney's fees under § 505 of
the Copyright Act, 17 U.S.C. § 505, arguing
that he is entitled to recover all fees incurred
in vindicating his constitutional right to a
jury trial on statutory damages.

Section 505 of the Copyright Act allows
the court, in its discretion, to award a "rea-
sonable attorney's fee" to the "prevailing
party" as part of the costs. 17 U.S.C. § 505.
Here, however, Feltner is not entitled to
attorney's fees because he is not the prevail-
ing party. Although the Supreme Court
ruled in his favor on the narrow issue of
whether he was entitled to a jury trial on
statutory damages, the Court left undis-
turbed the district court's finding, affirmed
by this court, that Feltner is liable to Colum-

bia for 440 separate instances of copyright infringement. Because the Supreme Court's opinion does not alter Feltner's liability for copyright infringement and Columbia's entitlement to statutory damages in an amount to be determined by a jury, Feltner is not the prevailing party in this case. Therefore, as a matter of law, he is not entitled to attorney's fees pursuant to § 505.

In conclusion, we deny Feltner's request for attorney's fees, and remand to the district court for further proceedings in accordance with the Supreme Court's opinion in this case. *See Feltner,* —— U.S. ——, 118 S.Ct. 1279, 140 L.Ed.2d 438.

REMANDED.