152 F.3d 1171
 1998 Copr.L.Dec. P 27,808, 47 U.S.P.Q.2d 1863,
26 Media L. Rep. 2150
 COLUMBIA PICTURES TELEVISION, Plaintiff-Appellee,
v.
KRYPTON BROADCASTING OF BIRMINGHAM, INC.; WABM Birmingham;
Krypton Broadcasting, Inc.; Krypton International
Corporation; WTWV, Inc.; WTVX; Daniel
S. Dayton; Alfred F. Decuir, Defendants,
and
C. Elvin Feltner, Jr., Defendant-Appellant.
 Nos. 94-55816, 94-55894.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 20, 1998.
 
 Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 On February 6, 1997, we affirmed the district court's grant of summary judgment in favor of Columbia Pictures Television (Columbia) with respect to C. Elvin Feltner, Jr.'s (Feltner) liability for copyright infringement. See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284 (9th Cir.1997). We also affirmed the district court's award of statutory damages after a bench trial, holding that neither § 504(c) of the Copyright Act, 17 U.S.C. § 504(c), nor the Seventh Amendment, provides a right to a jury trial on statutory damages. Id. at 292-93.
 
 
 2
 On September 29, 1997, the Supreme Court granted Feltner's petition for writ of certiorari on the question of whether he was entitled to a jury trial on the issue of statutory damages. See Feltner v. Columbia Pictures Television, Inc., --- U.S. ----, 118 S.Ct. 30, 138 L.Ed.2d 1059 (1997). And, on March 31, 1998, the Supreme Court reversed and remanded, ruling that, while § 504(c) is silent on this point, the Seventh Amendment provides a right to a jury trial to determine the amount of statutory damages. Feltner v. Columbia Pictures Television, Inc., --- U.S. ----, ----, 118 S.Ct. 1279, 1282, 140 L.Ed.2d 438 (1998).
 
 
 3
 On remand to this court, Feltner has filed a petition for attorney's fees under § 505 of the Copyright Act, 17 U.S.C. § 505, arguing that he is entitled to recover all fees incurred in vindicating his constitutional right to a jury trial on statutory damages.
 
 
 4
 Section 505 of the Copyright Act allows the court, in its discretion, to award a "reasonable attorney's fee" to the "prevailing party" as part of the costs. 17 U.S.C. § 505. Here, however, Feltner is not entitled to attorney's fees because he is not the prevailing party. Although the Supreme Court ruled in his favor on the narrow issue of whether he was entitled to a jury trial on statutory damages, the Court left undisturbed the district court's finding, affirmed by this court, that Feltner is liable to Columbia for 440 separate instances of copyright infringement. Because the Supreme Court's opinion does not alter Feltner's liability for copyright infringement and Columbia's entitlement to statutory damages in an amount to be determined by a jury, Feltner is not the prevailing party in this case. Therefore, as a matter of law, he is not entitled to attorney's fees pursuant to § 505.
 
 
 5
 In conclusion, we deny Feltner's request for attorney's fees, and remand to the district court for further proceedings in accordance with the Supreme Court's opinion in this case. See Feltner, --- U.S. ----, 118 S.Ct. 1279, 140 L.Ed.2d 438.
 
 
 6
 REMANDED.